UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

**NORTH CENTRAL STATES REGIONAL COUNCIL OF
CARPENTERS DEFINED BENEFIT PENSION FUND,
NORTH CENTRAL STATES REGIONAL COUNCIL OF
CARPENTERS HEALTH FUND,
NORTH CENTRAL STATES REGIONAL COUNCIL OF
CARPENTERS VACATION FUND,
NORTH CENTRAL STATES REGIONAL COUNCIL
OF CARPENTERS APPRENTICESHIP & JOURNEYMAN
TRAINING FUND,
LABOR MANAGEMENT COOPERATIVE TRUST FUND,**
and **JERRY SHEA (in his capacity as Trustee),**

**CONTRACT ADMINISTRATION FUND,**

**NORTH CENTRAL STATES REGIONAL COUNCIL
OF CARPENTERS,**

                    **Plaintiffs,**

    v.                                            Case No. 19-cv-385

**THOMSON INTERIORS, LLC,**

                    **Defendant.**

---

## COMPLAINT

---

NOW COME the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by John J. Brennan, and as and for a cause of action against the Defendants, allege and show to the Court the following:

### Jurisdictional and Venue

1. Jurisdiction of this Court upon Defendants Thomson Interiors, LLC (hereinafter "Thomson Interiors" or "Defendant") is founded upon section 502 of the

Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. §185(a)), in that the Plaintiff is aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions or reports in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Plaintiff is engaged in business with its principal place of business located in Eau Claire County, Wisconsin.

**Parties**

3. Plaintiffs North Central States Regional Council of Carpenters Defined Benefit Pension Fund, North Central States Regional Council of Carpenters Health Fund, North Central States Regional Council of Carpenters Vacation Fund, North Central States Regional Council of Carpenters Apprenticeship & Journeyman Training Fund, Labor Management Cooperation Trust Fund, North Central States Regional Council of Carpenters Defined Contribution Pension Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans. Said Plans maintain offices at P.O. Box 4002, Eau Claire, WI 54702.

4. Plaintiff Jerry Shea is a trustee and a fiduciary of the North Central States Regional Council of Carpenters' Fringe Benefit Funds, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. §1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Shea maintains an office at 2350 Galloway Street, Eau Claire, Wisconsin 54702.

5. Plaintiff Contract Administration Fund is an employer association comprised of contractors in the construction industry and was established for the general benefit of construction contractors. It brings this action on behalf of its contractor members and maintains an office at 4814 East Broadway, Madison, WI 53716.

6. Plaintiff North Central States Regional Council of Carpenters (hereinafter the "Union") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains an office at N2216 Bodde Road, Kaukauna, WI 54130.

7. Thomson Interiors is a Wisconsin limited liability organized under the laws of Wisconsin, engaged in business with principal offices located at 806 Bond Street, Green Bay, Wisconsin 54303. The company's registered agent for service of process is Michael J. Thomson at 806 Bond Street, Green Bay, Wisconsin 54303.

## Facts

8. Thomson Interiors is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

9. For all times relevant, Thomson Interiors was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with the North Central States Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America ("Union").

10. The Union represent, for purposes of collective bargaining, certain Thomson Interiors employees and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

11. The Labor Agreements described herein contain provisions whereby Thomson Interiors agreed to make timely payments to the Plaintiffs' benefits fund ("Fund") for each employee covered by said Labor Agreements.

12. By execution of said Labor Agreements, Thomson Interiors adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

13. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said Fund, Thomson Interiors has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;

f. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

g. to provide access to all books and records necessary to perform regular audits of Thomson Interiors' contributions to Plaintiff fund.

14. Thomson Interiors has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to:

      a.     making regular and timely payments to the Plaintiff fund; and

      b.     refusing to allow Plaintiffs' auditor access to books and records necessary to perform an audit billing.

15. ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2)     In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of --

    (i)     interest on the unpaid contributions, or

    (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

16. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

17.  Despite demands that Thomson Interiors perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make its required payments.  Thomson Interiors is now indebted to the Plaintiffs as follows:

**Unaudited period January 1, 2016 to the Present:**

| | |
|---|---|
| North Central States Regional Council of Carpenters Defined Benefit Pension Fund | Unknown |
| North Central States Regional Council of Carpenters Health Fund | Unknown |
| North Central States Regional Council of Carpenters Vacation Fund | Unknown |
| North Central States Regional Council of Carpenters Apprenticeship & Journeyman Training Fund | Unknown |
| Labor Management Cooperative Trust Fund | Unknown |
| Contract Administration Fund | Unknown |
| North Central States Regional Council of Carpenters | Unknown |

18.  Despite demand from the Fund's auditor, Thomson Interiors has denied the Fund's auditor access to books and records needed to compile an audit for the period January 1, 2016 to the present.

### Claim One - Against Defendant Thomson Interiors
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

19.  As and for a claim for relief against Defendant Thomson Interiors, the Plaintiff Fund reallege each and every allegation contained in paragraphs 1 through 18 above and incorporate the same as though fully set forth herein word for word.

20.  Due demand has been made by the Fund upon Thomson Interiors for inspection of its books to determine all sums due and owing, but said Defendant has refused to grant access, pay contributions, or any part thereof, and all amounts remain due and owing.

21.  Because, as the Fund is informed and believe, Thomson Interiors has not made timely and prompt contributions on behalf of all covered employees, the corpus of

each of the Fund's trust funds is reduced, the Fund's income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Fund's employee benefit plans have been violated, and the Fund is entitled to all of the remedies provided by ERISA.

22. Because Thomson Interiors has failed to make timely and prompt contributions, some of the Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

WHEREFORE, Plaintiffs demand the following relief:

1. Judgment on behalf of the Fund and against Thomson Interiors

    A. For unpaid contributions, interest, and liquidated damages owed to the Fund for the audit period January 1, 2016 through the present;

    B. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. An order directing Thomson Interiors to fully submit to an audit of the company's books and records by the Fund's designated representative for the period January 1, 2016 to the present.

    D. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 15th day of March, 2019.

                <u>s/John J. Brennan</u>
                John J. Brennan (SBN 1018604)
                The Previant Law Firm, S.C.
                310 West Wisconsin Avenue, Suite 100MW
                Milwaukee, WI 53203
                414-271-4500 (Telephone)
                414-271-6308 (Fax)
                Email: jjb@previant.com

                Attorney for Plaintiffs